THE STATE OF FLORIDA, ex rel. UNION INDEMNITY COMPANY, *Relator,* vs. W. V. KNOTT, as Treasurer of the State of Florida, *Respondent.*

143 So. 221.

En Banc.

Opinion filed May 25, 1932.

Petition for rehearing denied June 3, 1932.

*Harry T. Gray* and *Robert H. Anderson,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, for Respondent.

BUFORD, C.J.—In this case original writ of mandamus issued out of this Court to the Respondent Knott as State Treasurer, the purpose of which was to test his authority for holding $75,000.00 in bonds deposited in the office of the State Treasurer by New York Indemnity Company under provisions of section 4339 R. G. S., 6302 C. G. L.

The record shows that New York Indemnity Company was a foreign corporation authorized to do business in the State of Florida; that it deposited with the State Treasurer the bonds required and after conducting its business in this State for a short time entered into an agreement of re-insurance with Union Indemnity Company, a Louisiana Corporation, with the approval of the State Treasurer by the terms of which Union Indemnity Company assumed the liability of New York Indemnity Company upon all of its outstanding and uncancelled policies of insurance and the uncancelled fidelity and surety bonds and agreed to fulfill all of the insurers or sureties obligations thereunder. By the provisions of the re-insurance agreement Union Indemnity Company assumed all outstanding and unpaid claims known or unknown against New York Indemnity Company and agreed to adjust and settle with the assureds the obligees and any other persons entitled

thereto all losses, damages or benefits arising under uch policies or bonds. New York Indemnity Company has ceased to do business in Florida and has settled all claims against it growing out of what it alleges to be the surety business theretofore transacted by it and has been released from all bonds upon which it has been taken as surety.

The return of the Respondent shows:

"That prior to May 22, 1931, this Respondent is informed and believes and upon such information and belief alleges that the New York Indemnity Company in line with its authority under section 6302 of the Compiled General Laws of Florida 1927, issued an automobile public liability insurance policy in favor of the Florida Motor Lines Incorporated, as appears from the sixth paragraph of an affidavit made by Lewis P. Koppang, Vice-president of New York Indemnity Company, before Harry M. Mayo, Jr., Notary Public, dated 16th day of October, 1931, a copy of which said affidavit is hereto attached as Respondent's Exhibit 'A' to this return, and asked to be taken and considered as a part hereof. This Respondent alleges that it has not been shown to him by the Relator or New York Indemnity Company that the New York Indemnity Company has settled up all claims against it by reason of the issuance of said automobile liability insurance policy; and that there is now no liability or claims pending against it by reason of the issuance of said automobile public liability insurance policy, and it does not appear from the allegations of the said alternative writ of mandamus that there are now no claims or liability against the New York Indemnity Company by reason of the issuance of said automobile public liability insurance policy in favor of Florida Motor Lines, Incorporated.

Respondent would respectfully show unto the Court that until the Relator makes it appear that there are no claims or liability against New York Indemnity Company by reason of the issuance of said automobile public liability insurance policy in favor of the Florida Motor Lines, Incorporated, he cannot lawfully de-

liver up to the New York Indemnity Company or the Relator the bonds deposited with Respondent under the provisions of Section 6302 of the Compiled General Laws of Florida 1927, as alleged in the second paragraph of the bill of complaint.''

The sole question for us to determine is whether or not the deposit made by New York Indemnity Company with the State Treasurer of the State of Florida may be held by the State Treasurer to insure the payment of the liability of the company on a policy of automobile public liability insurance. It is contended by the Relator that liability insurance is one thing and the business of a surety company is an entirely different thing. There may be a distinction but we think that that distinction, whatever it may be, fades from view in the light of the provisions of section 4339 R. G. S., 6302 C. G. L., which section applies to any surety company or to any insurance company doing business in the State of Florida which may offer or undertake to become surety on any bond or which may offer or undertake to become surety on any surety contract and it is our view that a liability insurance policy is a surety contract. New York Indemnity Company wrote the liability insurance and became surety for the liability of Florida Motor Lines, Incorporated, under its authority to do a surety business in the State of Florida and by section 4341 R. G. S., 6304 C. G. L., it is estopped to deny its corporate power to assume such liability. Being estopped to deny its corporate power to assume this liability under its authority to do business in the State of Florida, it appears to us that it is likewise estopped from denying that its deposit with the State Treasurer is held to insure the performance of its contracts entered into in pursuance of its authority to do business in this State.

In the above state of the case it appears that Union Indemnity Company has not made it to clearly appear that it is the duty of the State Treasurer to release to it

the bonds deposited with the State Treasurer by New York Indemnity Company, of which bonds by the assignment from the New York Indemnity Company to Union Indemnity Company, the Union Indemnity Company has became the owner. The ownership and right of possession of Union Indemnity Company to such bonds deposited with the State Treasurer by New York Indemnity Company is subject to the claims of any person, or persons, against New York Indemnity Company arising out of any contracts of surety entered into in this State by New York Indemnity Company while such bonds were on deposit with the State Treasurer for the purpose of qualifying and authorizing New York Indemnity Company to do business in this State.

For the reasons stated, the alternative writ should be quashed. It is so ordered.

WHITFIELD AND TERRELL, J.J., concur.

DAVIS, J., concurs specially.

ELLIS AND BROWN, J.J., dissent.

DAVIS, J. (Concurring).—I concur in the opinion and conclusion because the relator's petition and alternative writ does not sufficiently show that the Union Indemnity Company, as successor to the outstanding undischarged liabilities of the New York Indemnity Company, has *unconditionally* assumed the surety contract liability of Florida Motor Lines under such circumstances as to make its own $75,000.00 deposit applicable to the outstanding obligation of New York Indemnity Company to Florida Motor Lines.

But I am also of the view that a surety company has in contemplation of law "settled up all claims against it" as provided in Section 6302 C. G. L., 4339 R. G. S., so as to entitle it to withdraw its securities when, with the approval of the Treasurer, a re-insurance contract has been entered into by which another company's $75,000.00 de-

posit has become security under such re-insurance contract for all outstanding liabilities.

I concur fully in the view that securities under Section 6302 C. G. L., supra, cover surety contracts such as liability insurance bonds.